| **Fill in this information to identify your case:** | | | |
|---|---|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS** | | | |
| Debtor 1 | Harry<br>First Name | J.<br>Middle Name | Weatherspoon, Jr.<br>Last Name |
| Debtor 2<br>(filing spouse) | Viola<br>First Name | J.<br>Middle Name | Weatherspoon<br>Last Name |
| Case number: | 16-41267 | | |

**For amended plans only:**
- ☒ Check if this amended plan is filed prior to any confirmation hearing.
- ☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial.

List the sections which have been changed by this amended plan:

_____
_____
_____
_____

**TXEB Local Form 3015-a**

# SEVENTH CHAPTER 13 PLAN

Adopted: Dec 2017

## Part 1: Notices

**To Debtor*:** This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

\* The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check on box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☒ Not included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan. | ☐ Included | ☒ Not included |
| 1.4 | Nonstandard provisions as set forth in Part 8. | ☒ Included | ☐ Not included |

Debtor   **Harry J. Weatherspoon, Jr.**                                  Case number **16-41267**
         **Viola J. Weatherspoon**

## Part 2: Plan Payments and Length of Plan

**2.1** The applicable commitment period for the Debtor is ___36___ months.

**2.2 Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date* or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the **"Plan Term"**). The payment schedule shall consist of:

* The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☐ **Constant Payments:**   The Debtor will pay _____ per month for _____ months.

☒ **Variable Payments:**   The Debtor will make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3 Mode of Payment.**   Regular payments to the Trustee will be made from future income in the following manner:

*[Check one]*

☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

☒ Debtor will make electronic payments through the Trustee's authorized online payment system.

☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4 Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

**2.5 Additional payments.**   *[Check one]*

☒ **None.** *If "None" is checked, the rest of § 2.5 need not be completed.*

**2.6 Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is   **$254,200.00**   which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the **"Plan Base."**

## Part 3: Treatment of Secured Claims

**3.1 Post-Petition Home Mortgage Payments.**   *[Check one]*

☐ **No Home Mortgage.** *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

☒ **Home Mortgage Maturing Before or During Plan Term.** *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 need not be completed.*

Debtor **Harry J. Weatherspoon, Jr.** Case number **16-41267**
**Viola J. Weatherspoon**

### 3.2 Curing Defaults and Maintenance of Direct Payment Obligations. *[Check one]*

☒ **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.*

### 3.3 Secured Claims Protected from § 506 Bifurcation. *[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.*

☒ **910 Claims.** The claims listed below were either:

(1) incurred within 910 days before the Petition Date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

(2) incurred within 1 year of the Petition Date and secured by a purchase money security interest in any other thing of value,

and are thus statutorily protected from bifurcation under § 506(a) based on collateral value (a "910 Claim").

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 910 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 910 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c). Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 910 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan. Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make pro rata payments if available funds are insufficient to pay all adequate protection payments otherwise due. Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

Each 910 Claim constitutes a separate class. Each 910 Claim will be paid in full by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below. Upon confirmation of this Plan, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each 910 Claim listed below until such time as the allowed amount of each 910 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected 910 Claim amount.

If the automatic stay is terminated as to property securing a 910 Claim treated under this subsection at any time during the Plan Term, the next distribution by the Trustee on such 910 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 910 Claim and regular distributions on that 910 Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 910 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan.

| Claimant | Collateral Description | Adequate Protection Payment | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|
| 1. Ally Financial | 2015 Chevrolet Colorado Truck | $220.94 Month 1 through ____ | $22,094.01 | 4.50% | Pro-Rata | $24,962.10 |
| 2. Ally Financial | 2015 Hyundai Santa Fe | $164.25 Month 1 through ____ | $39,061.51 | 4.50% | Pro-Rata | $44,132.16 |

### 3.4 Secured Claims Subject to § 506 Bifurcation.

*[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

Debtor **Harry J. Weatherspoon, Jr.** Case number **16-41267**
**Viola J. Weatherspoon**

☑ **Claims Subject to Bifurcation.** The secured portion of each claim listed below (a "506 Claim") is equivalent to the lesser of: (1) the value of the claimant's interest in the listed collateral or (2) the allowed amount of the claim. Each listed 506 Claim constitutes a separate class. Each 506 Claim will be paid by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below. If a 506 Claim is established as an oversecured claim, its holder is entitled to an additional component of pre-confirmation interest calculated at the contract rate and payable for the period from the Petition Date to the earlier of: (1) the Effective Date of the Plan, or (2) the date upon which the aggregate of such interest, plus the allowed amount of the 506 Claim, exceeds the value of the collateral. Such holder is responsible for establishing the oversecured amount and the applicable contract rate by suffiicient evidence that is either satisfactory to the Trustee or otherwise by court order.

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 506 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 506 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c). Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 506 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan. The Trustee shall apply adequate protection payments first to accrued interest, if applicable, and then to principal. Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make pro rata payments if available funds are insufficient to pay all adequate protection payments otherwise due. Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

Unless the Debtor invokes § 3.10 of this Plan to obtain a final valuation determination at the confirmation hearing regarding any listed 506 Claim, or an agreement with the holder of any listed 506 Claim regarding the value of its collateral is otherwise incorporated into the confirmation order, the value of collateral securing each 506 Claim is not finally determined upon the confirmation of this Plan. Upon confirmation of this Plan, however, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected Collateral Value of each 506 Claim as listed below until such time as the allowed amount of each such 506 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, or the subsequent entry of an order granting a separate motion for valuation of collateral pursuant to § 506 and Bankruptcy Rule 3012, shall control over any projected Collateral Value amount listed below.

If the automatic stay is terminated as to the property securing a 506 Claim at any time during the Plan Term, the next distribution by the Trustee on such 506 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 506 Claim and regular distributions on that 506 Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 506 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer by treated by the Plan.

| Claimant | Collateral Description | Adequate Protection Payment | Total Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|---|
| 1. Bridgecrest (Formerly Drivetime) | 2007 Volkswagen Jetta | $1,097.50 Month 1 through ____ | Vehicle to be surrendered. The Trustee shall not make any additional payments on this Claim. | | | | $1,097.50 |
| 2. Ditech Financial, LLC | Debtors' Homestead | Month 1 through ____ | $44,605.00* *To be paid from sale of Homestead | | | | $0.00 |

**3.5   Direct Payment of Secured Claims Not in Default.** *[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

Debtor   **Harry J. Weatherspoon, Jr.**   Case number **16-41267**
         **Viola J. Weatherspoon**

☑ **Direct Claims.** Each of the following secured claims are designated for direct payment in accordance with the applicable contractual documents (a "Direct Claim"). The Debtor represents that each secured claim listed in this subsection was not in default on the Petition Date and either: (1) is protected from valuation under § 506(a) and payable at a contractual interest rate reasonable under the circumstances; or (2) should otherwise be approved by the Court based upon the justification provided. **Without such representations by the Debtor, this subsection may not be utilized and the claim treatment must instead be addressed in § 3.4.** Each listed secured claim constitutes a separate class.

| Claimant | Collateral Description | Total Claim Amount on Petition Date | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment per Contract | Party to Make Payment | Date of Final Monthly Payment |
|---|---|---|---|---|---|---|---|
| 1.<br>Ditech Financial, LLC<br>*To be paid from sale of Homestead. | Homestead | $44,605.00* | $309,731.01 | 0.00% | $1,156.17 | ☑ Debtor<br>☐ Co-Debtor<br>☐ Third Party | ☐ Exceeds Plan Term |
| Justification: | | | | | | | |
| 2.<br>Grayson County Tax Assessor/Collector<br>*To be paid from sale of Homestead. | Homestead | $4,609.99* | $314,341.00 | 12.00% | $0.00 | ☑ Debtor<br>☐ Co-Debtor<br>☐ Third Party | ☐ Exceeds Plan Term |
| Justification: | | | | | | | |
| 3.<br>Internal Revenue Service<br>*To be paid from sale of Homestead. | Homestead | $60,066.40* | $265,126.01 | 4.00% | $0.00 | ☑ Debtor<br>☐ Co-Debtor<br>☐ Third Party | ☐ Exceeds Plan Term |
| Justification: | | | | | | | |

**3.6   Surrender of Property.** *[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

☑ **Surrender of Collateral and Related Stay Relief.** The Debtor surrenders to each claimant listed below the property that secures that creditor's claim and requests that, upon confirmation of this plan, the automatic stay under § 362(a) be terminated as to the referenced collateral only and any co-debtor stay under § 1301 be terminated in all respects. The affected claimant shall have **ninety (90) days after the Effective Date of the Plan** to file a proof of claim, or an amended claim, regarding recovery of any deficiency balance from the Estate resulting from the disposition of the collateral. Any such allowed general unsecured claim will thereafter be treated in Part 5 below.

| Claimant | Collateral Description | Collateral Location |
|---|---|---|
| 1.<br>Bridgecrest (Formerly Drivetime) | 2007 Volkswagen Jetta | 97 Key Road<br>Sherman, TX  75090 |
| 2.<br>Caliber Home Loans | Manufactured Home (Destroyed by Fire) | 97 Key Road<br>Sherman, TX  75090 |
| 3.<br>Grayson County Tax Assessor/Collector | Manufactured Home (Destroyed by Fire) | 97 Key Road<br>Sherman, TX  75090 |

Debtor **Harry J. Weatherspoon, Jr.**      Case number **16-41267**
       **Viola J. Weatherspoon**

**3.7 Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a). In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

**3.8 Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all ad valorem taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period. Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

**3.9 Lien avoidance.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

**3.10 Rule 3012 Valuation of Collateral.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

**3.11 Lien Removal Based Upon Unsecured Status.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

## Part 4: Treatment of Administrative Expenses, DSO Claims and Other Priority Claims

**4.1 General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

**4.2 Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

Debtor **Harry J. Weatherspoon, Jr.** Case number **16-41267**
**Viola J. Weatherspoon**

### 4.3 Attorney's Fees.

The total amount of attorney's fees requested by the Debtor's attorney in this case is **$9,000.00**. The amount of **$2,500.00** was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1);   ☐ by submission of a formal fee application.

**LBR 2016(h)(1):** If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that local rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application:** If the attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

### 4.4 Priority Claims: Domestic Support Obligations ("DSO"). *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

### 4.5 Priority Claims: DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount. *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

### 4.6 Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims. *[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

☑ **Other Priority Claims.**

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| 1. Internal Revenue Service | $144,797.29<br>☐ Texas ad valorem tax claim entitled to 12% annual interest and disbursement priority as a secured claim under § 3.4 of the Plan. | Pro-Rata |

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Specially Classed Unsecured Claims. *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

### 5.2 General Unsecured Claims.

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ 100% + Interest at _____ ;

☐ 100% + Interest at _____ **with no future modifications to treatment under this subsection;**

☑ **Pro Rata Share:** of all funds remaining after payment of all secured, priority, and specially classified claims.

Debtor    **Harry J. Weatherspoon, Jr.**                                             Case number    **16-41267**
          **Viola J. Weatherspoon**

### 5.3 Liquidation Analysis: Unsecured Claims Under Parts 4 and 5.

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately **$7,195.00**. Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 General Rule - Rejection.
The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED**. All other executory contracts and unexpired leases of the Debtor are **REJECTED**.

*[Check one.]*

☑ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

## Part 7: Vesting of Property of the Estate

### 7.1
Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

## Part 8: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it. *Any nonstandard provision set out elsewhere in this Plan is void. Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in § 1.4 of this Plan.***

**1. Mortgage Payments:**
Confirmation of the Plan shall impose a duty on the current and any subsequent holders and/or servicers of claims secured by liens on real property to apply the payments received from the Trustee to any prepetition or postpetition arrears provided for in the Plan; to deem such arrearages paid as contractually cured by confirmation; to apply mortgage payments paid by Debtors only to postpetition amounts due; to notify the Trustee, Debtors and the attorney for Debtors of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the Trustee, Debtors and attorney for the Debtors of any change in the taxes or insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. § 524(i).

**2. Interest on Secured Tax Claims of Public Taxing Entities:**
A. Interest shall be due and payable on all allowed secured tax claims of any public taxing authority for delinquent ad valorem taxes as of the filing date of Debtors' Petition pursuant to 11 U.S.C. §§ 506(b) and 511, and the Texas Tax Code, accruing from the filing date of Debtors' Petition. Additional interest shall be due and payable on such allowed secured tax claims after the date of Confirmation of Debtors' Plan pursuant to 11 U.S.C. §§ 511 and 1325(a)(5)(B)(ii), and the Texas Tax Code.

B. Interest shall be due and payable on all allowed secured tax claims of any public taxing authority for taxes which become delinquent after the filing date of Debtors' Petition in accordance with paragraph A, commencing February 1st of the year following the year in which the taxes are imposed in accordance with Section 31.02(a) of Texas Tax Code.

**3. Effect on Certain Secured Creditors:**
In compliance with 11 U.S.C. § 1322(b)(2), nothing provided for in this Order of Confirmation and/or the Plan shall in any way be deemed, found or construed as a modification of the rights of any secured creditor with a security interest in real property that is the Debtors' principal residence; provided, the automatic stay in effect in this case pursuant to 11 U.S.C. § 362(a) shall continue in full force and effect pending any further Order of this Court.

Debtor  **Harry J. Weatherspoon, Jr.**                           Case number  **16-41267**
        **Viola J. Weatherspoon**

## Part 9: Miscellaneous Provisions

**9.1 Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2 Plan Distribution Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3 Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

## Part 10: Signatures

X _[signature]_                                      Date  **02/27/2018**
**Signature of Attorney for Debtor(s)**

X _____                     Date _____
X _____                     Date _____
**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

## Part 11: Certificate of Service to Matrix as Currently Constituted by the Court

I hereby certify that the above and foregoing document was served upon all of the parties as listed on the attached master mailing list (matrix) as constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic notification on February 22, 2018:

_[signature]_
**Gary J. Campbell**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE: Harry J. Weatherspoon, Jr.  
Viola J. Weatherspoon  
*Debtor(s)*

CASE NO  **16-41267**

CHAPTER  **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 08/12/2016 | $880.00 | 21 | 04/12/2018 | $1,715.00 | 41 | 12/12/2019 | $1,715.00 |
| 2 | 09/12/2016 | $880.00 | 22 | 05/12/2018 | $1,715.00 | 42 | 01/12/2020 | $1,715.00 |
| 3 | 10/12/2016 | $880.00 | 23 | 06/12/2018 | $1,715.00 | 43 | 02/12/2020 | $1,715.00 |
| 4 | 11/12/2016 | $880.00 | 24 | 07/12/2018 | $1,715.00 | 44 | 03/12/2020 | $1,715.00 |
| 5 | 12/12/2016 | $880.00 | 25 | 08/12/2018 | $1,715.00 | 45 | 04/12/2020 | $1,715.00 |
| 6 | 01/12/2017 | $880.00 | 26 | 09/12/2018 | $1,715.00 | 46 | 05/12/2020 | $1,715.00 |
| 7 | 02/12/2017 | $880.00 | 27 | 10/12/2018 | $1,715.00 | 47 | 06/12/2020 | $1,715.00 |
| 8 | 03/12/2017 | $880.00 | 28 | 11/12/2018 | $1,715.00 | 48 | 07/12/2020 | $1,715.00 |
| 9 | 04/12/2017 | $880.00 | 29 | 12/12/2018 | $1,715.00 | 49 | 08/12/2020 | $1,715.00 |
| 10 | 05/12/2017 | $880.00 | 30 | 01/12/2019 | $1,715.00 | 50 | 09/12/2020 | $1,715.00 |
| 11 | 06/12/2017 | $880.00 | 31 | 02/12/2019 | $1,715.00 | 51 | 10/12/2020 | $1,715.00 |
| 12 | 07/12/2017 | $880.00 | 32 | 03/12/2019 | $1,715.00 | 52 | 11/12/2020 | $1,715.00 |
| 13 | 08/12/2017 | $880.00 | 33 | 04/12/2019 | $168,115.00* | 53 | 12/12/2020 | $1,715.00 |
| 14 | 09/12/2017 | $880.00 | 34 | 05/12/2019 | $1,715.00 | 54 | 01/12/2021 | $1,715.00 |
| 15 | 10/12/2017 | $880.00 | 35 | 06/12/2019 | $1,715.00 | 55 | 02/12/2021 | $1,715.00 |
| 16 | 11/12/2017 | $1,200.00 | 36 | 07/12/2019 | $1,715.00 | 56 | 03/12/2021 | $1,715.00 |
| 17 | 12/12/2017 | $1,200.00 | 37 | 08/12/2019 | $1,715.00 | 57 | 04/12/2021 | $1,715.00 |
| 18 | 01/12/2018 | $1,200.00 | 38 | 09/12/2019 | $1,715.00 | 58 | 05/12/2021 | $1,715.00 |
| 19 | 02/12/2018 | $1,200.00 | 39 | 10/12/2019 | $1,715.00 | 59 | 06/12/2021 | $1,715.00 |
| 20 | 03/12/2018 | $1,200.00 | 40 | 11/12/2019 | $1,715.00 | 60 | 07/12/2021 | $1,715.00 |

*To be paid from the proceeds of the sale of Debtors' Homestead, to be due by 04/12/2019, or upon sale of the property, on or before such date.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 16-41267<br>Eastern District of Texas<br>Sherman<br>Tue Feb 27 10:42:29 CST 2018 | CitiMortgage, Inc.<br>P.O. Box 6030<br>Sioux Falls, SD 57117-6030 | Ally Bank<br>PO Box 130424<br>Roseville MN 55113-0004 |
| Ally Financial<br>PO Box 380901<br>Minneapolis, MN 55438-0901 | Amazon/ Synchrony Bank<br>Attn: Bankruptcy Department<br>PO Box 965060<br>Orlando, FL 32896-5060 | American Eagle Outfitters / Synchrony<br>Attn: Bankruptcy Department<br>PO Box 965060<br>Orlando, FL 32896-5060 |
| American Express Centurion Bank<br>P.O. Box 297879<br>Fort Lauderdale, FL 33329-7879 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Belk / Synchrony Bank<br>Attn: Bankruptcy Department<br>PO Box 965060<br>Orlando, FL 32896-5060 |
| Bridgecrest Credit Company, LLC<br>PO Box 29018<br>Phoenix, AZ 85038-9018 | Bridgecrest Formerly Drivetime<br>P.O. Box 29018<br>Phoenix, AZ 85038-9018 | CITIMORTGAGE, INC.<br>Hughes, Watters and Askanase, LLP<br>1201 Louisiana, 28th Floor<br>Houston, TX 77002-5607 |
| Caliber Home Loans<br>13801 Wireless Way<br>Oklahoma City, OK 73134-2500 | Caliber Home Loans<br>PO Box 24610<br>Oklahoma City, OK 73124-0610 | Gary J. Campbell<br>Gary J. Campbell & Associates, P.C.<br>320 North Travis, Suite 207<br>P.O. Box 758<br>Sherman, TX 75091-0758 |
| Capital One NA<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Chase Corporation<br>16861 Bernardo Center Dr.<br>San Diego, CA 92128-2503 | ChexSystems<br>Attn: Consumer Relations<br>7805 Hudson Road, Suite 100<br>Woodbury, MN 55125-1703 |
| Citi Mortgage<br>Attn: Consumer Default<br>1000 Technology Drive<br>O Fallon, MO 63368-2240 | CitiMortgage, Inc.<br>P.O. Box 790005<br>Saint Louis, MO 63179-0005 | Dillards / Wells Fargo Bank, N.A.<br>PO Box 10347<br>Des Moines, IA 50306-0347 |
| Ditech Financial LLC<br>Barrett Daffin Frappier Turner & Engle,<br>4004 Beltline Rd. Ste 100<br>Addison, TX 75001-4320 | Ditech Financial LLC fka Green Tree Servicin<br>P.O. Box 6154<br>Rapid City, South Dakota 57709-6154 | Ditech Financial, LLC<br>PO Box 44265<br>Jacksonville, FL 32231-4265 |
| Abbey U. Dreher<br>Barrett Daffin Frappier Turner & Engel<br>4004 Beltline Road, Suite 100<br>Addison, TX 75001-4320 | Keri P. Ebeck<br>Bernstein-Burkley<br>707 Grant Street<br>Suite 2200 Gulf Tower<br>Pittsburgh, PA 15219-1945 | Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166 |
| Equifax Credit Information Systems, Inc.<br>P.O. Box 740241<br>Atlanta, GA 30374-0241 | Experian<br>P.O. Box 2002<br>Allen, TX 75013-2002 | Frisco Spine, PA<br>1700 FM 544, Ste. 100<br>Lewisville, TX 75056-4686 |

| | | |
|---|---|---|
| Grayson County<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Melissa L. Palo<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, Tx 75207-2328 | Grayson County<br>c/o Melissa Palo<br>Linebarger Goggan Blair & Sampson, LLP<br>2777 N Stemmons Freeway Suite 1000<br>Dallas, TX 75207-2328 | Grayson County Tax Assessor/Collector<br>P.O. Box 2107<br>Sherman, TX 75091-2107 |
| Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| Katherine Jan Stone<br>205 S. King<br>Tom Bean, TX 75489 | Khol's / Capital One Bank, N.A.<br>PO Box 3043<br>Milwaukee, WI 53201-3043 | Jeffry B. Lewis<br>Robertson Anschutz Vetters<br>1500 CityWest Blvd, Suite 700<br>Houston, TX 77042-2558 |
| Linebarger Goggan Blair<br>and Sampson, LLP<br>115 E. Lamar Street<br>Sherman, TX 75090-7106 | Lowe's / Synchrony Bank<br>Attn: Bankruptcy Department<br>PO Box 965060<br>Orlando, FL 32896-5060 | MIDLAND FUNDING LLC<br>PO BOX 2011<br>WARREN, MI 48090-2011 |
| Office of the Attorney General<br>of the United States<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | Melissa L. Palo<br>2777 N. Stemmons Freeway, Suite 1000<br>Dallas, TX 75207-2328 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quantum3 Group LLC as agent for<br>CP Medical LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Recovery Management Systems Corporation<br>25 S.E. Second Avenue<br>Suite 1120<br>Miami, FL 33131-1605 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| Sam's Club/ Synchrony Bank<br>Attn: Bankruptcy Department<br>PO Box 965060<br>Orlando, FL 32896-5060 | Kirk A. Schwartz<br>Shapiro Schwartz, LLP<br>13105 Northwest Fwy<br>Suite 1200<br>Houston, TX 77040-6355 | Sears Credit Cards / Citi Bank<br>PO Box 6282<br>Sioux Falls, SD 57117-6282 |
| TeleCheck Services, Inc.<br>5251 Westheimer<br>Houston, TX 77056-5416 | Texoma Emergency Physicians<br>PO Box 8775<br>Fort Worth, TX 76124-0775 | Texoma Medical Center<br>PO Box 31001-0827<br>Pasadena, CA 91110-0827 |
| TransUnion Consumer Solutions<br>P.O. Box 2000<br>Chester, PA 19016-2000 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| United Revenue Corp<br>204 Billings, Suite 120<br>Arlington, TX 76010-2495 | United States Department of Justice<br>Office of the U.S. Trustee<br>300 Plaza Tower<br>110 N. College<br>Tyler, TX 75702-7231 | Harry J. Weatherspoon Jr.<br>907 Key Road<br>Sherman, TX 75090-7558 |

| | | |
|---|---|---|
| Viola J. Weatherspoon<br>907 Key Road<br>Sherman, TX 75090-7558 | Michael Weems<br>Hughes Watters Askanase<br>333 Clay, 29th Floor<br>Houston, TX 77002-2571 | Wells Fargo Bank, N.A.<br>PO Box 10438<br>Des Moines, IA 50306-0438 |
| Wescom Credit Union<br>5601 E. La Palma Ave.<br>Anaheim, CA 92807-2109 | Wescom Credit Union<br>PO Box 7027<br>Pasadena, CA 91109-7027 | Zwicker and Associates, P.C.<br>1 Chisolm Trail, Suite 301<br>Round Rock, TX 78681-5109 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>Special Procedures Branch<br>1100 Commerce Street<br>M/S 5004 DAL<br>Dallas, TX 75242 | JEFFERSON CAPITAL SYSTEMS LLC<br>PO Box 7999<br>St Cloud MN 56302 | (d)Jefferson Capital Systems LLC<br>PO Box 7999<br>St Cloud, MN 56302-9617 |
| Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Caliber Home Loans, Inc.<br>13801 Wireless Way<br>Oklahoma City, OK 73134-2500 | (d)Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166 | (d)Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |

End of Label Matrix
Mailable recipients   65
Bypassed recipients    3
Total                 68