
EOD
04/24/2018

# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HARRY J. WEATHERSPOON, JR. | § | Case No. 16-41267 |
| XXX-XX-8443 | § | Chapter 13 |
| | § | |
| VIOLA J. WEATHERSPOON | § | |
| XXX-XX-8109 | § | |
| | § | |
| 907 KEY ROAD | § | |
| SHERMAN. TX 75090 | § | |
| | § | |
| DEBTORS | § | |

## ORDER GRANTING DEBTORS' MOTION TO SELL EXEMPT REAL ESTATE AT 907 KEY ROAD, SHERMAN, TX 75090 PURSUANT TO 11 U.S.C. § 363(b)

ON THIS DAY, the Court considered Debtor's Motion to Sell Real Estate (the "Motion"), filed by Harry J. Weatherspoon, Jr. and wife, Viola J. Weatherspoon, ("Debtors").

The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that it contained the appropriate twenty-one (21) day negative notice language, pursuant to LBR 9007, which directed any party opposed to the granting of the relief sought by the Motion to file a written response within twenty-one days or the Motion would be deemed by the Court to be unopposed. The Court finds that no objection or other written response to the Motion has been timely filed by any party. Due to the failure of any party to file a timely written response, the allegations contained in the Motion stand unopposed and, therefore, the Court finds that good cause exists for the entry of the following Order.

IT IS, THEREFORE, ORDERED that the Motion to Sell filed by Debtors is hereby granted, and Debtors are authorized to sell their principal residence and homestead, the property described and identified on Exhibit A, attached hereto and incorporated herein by reference for all purposes (the "Property"), to Christopher N. and Emily N. McRoberts ("Purchaser") for a total consideration of $340,000.00, pursuant to 11 U.S.C. §§ 363(b)(1) and 1303, free and clear of all liens, claims and encumbrances, except as expressly stated in this Order.

ORDERED FURTHER, that all ordinary and necessary closing expenses, commissions, and all expenses of selling the Property shall be payable at closing.

ORDERED FURTHER, that the ad valorem property taxes due to the Grayson County Tax Assessor/Collector, for 2017, and any prior years, shall be collected and paid upon closing, or alternatively. Ad Valorem taxes for 2018 shall be prorated at closing. The statutory tax liens of Grayson County and all other taxing authorities for 2018 shall continue to attach to the Property until such ad valorem taxes are paid in full.

ORDERED FURTHER, that upon closing of the authorized sale and payment of the secured claim of Ditech Financial LLC ("Ditech") the Lien of Ditech as provided for in that certain Texas Home Equity Security Instrument as recorded in Volume 3680, Page 765 of the Official Public Records of Grayson County, Texas, and that certain Texas Home Equity Affidavit and Agreement, as recorded in the Official Public Records of Grayson County, Texas in Volume 3680, Page 782, shall be released by Ditech or its duly authorized agent in accordance with the Deed of Trust and the Note it secures.

ORDERED FURTHER, that upon closing of the authorized sale, the Secured Claim of the Internal Revenue Service ("IRS") shall attach to the sale proceeds to the same extent as attached to the Property until such Claim is paid in full.

ORDERED FURTHER, that upon closing of the authorized sale and payment of the amount of the lien of the IRS, as recorded in Volume 5408, Page 487, of the Official Public Records of Grayson County, Texas, shall be discharged from the Exhibit "A" Property, and such lien shall not be enforceable by the IRS as to such Property for all purposes, such discharge to be evidenced by a copy of this Order recorded in the Public Records of Grayson County, Texas, by the agent for the title company handling the closing.

ORDERED FURTHER, that because Debtors elected to use Texas exemptions any net proceeds which result from the sale of the Debtors' homestead are conditionally exempt pursuant to the Texas Constitution, Article 16 §§50,51, Texas Prop. Code §§41.001-.002 from the claims of all creditors for a period of six (6) months following the receipt of such proceeds. If the full amount of the net proceeds are not reinvested in a new homestead within six (6) months from the date of sale closing, any amount not re-invested will then be considered non-exempt property of Debtor's Bankruptcy estate. Therefore, Debtors shall hold the net proceeds in trust strictly in accordance with this Order. The Debtors shall place the net proceeds in a segregated bank account used for no other purpose, and shall tender to the Chapter 13 Trustee the name, address, account number of such bank, along with evidence of the deposit of the net proceeds.

ORDERED FURTHER, that Debtors shall not withdraw any of said funds until the Trustee has issued written consent, after first having been furnished notice from Debtors reflecting the details of any proposed withdrawal along with supporting documentation. In the event that the Trustee is unable to consent to the request, then funds may only be release upon further orders of the Court. Debtors may only use the net procees plus any interest that accrues after the deposit to purchase another homestead within six (6) months of the closing and funding of the sale transaction for the property. Any remaining funds, including interest thereon, which

have not been used to purchase another homestead within six (6) months from the closing and funding of the sale of the property, shall immediately be tendered to the Chapter 13 Trustee by Debtors for the benefit of the Debtors' unsecured and priority creditors unless otherwise ordered by the Court. The Debtors shall furnish all documents and receipts evidencing any distribution from the segregated account within 7 business days of disbursement.

ORDERED FURTHER, the title company shall deliver a copy of the HUD 1/Closing Statement to Carey Ebert, Standing Chapter 13 Trustee, P. O. Box 941166, Plano, TX 75094-1166.

ORDERED FURTHER, that Debtors' attorney shall deliver a copy of this Order to the title company/closing agent before the sale is closed.

Signed on 4/24/2018

_Brenda T. Rhoades_ SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

PREPARED BY:

GARY J. CAMPBELL
State Bar I.D. #03702500
Gary J. Campbell & Associates, P.C.
P.O. Box 758
Sherman, Texas 75091-0758
(903) 868-0545
FAX: (800) 641-9045

ATTORNEY FOR DEBTOR